IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DION SPEARS, # R-21624, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00811-JPG |
| | ) |
| DR. SHEARING, DR. TROST, | ) |
| S. A. GODINEZ, and | ) |
| RICHARD HARRINGTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dion Spears, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1).  In 2012, Plaintiff was diagnosed with a severe brain stem injury that left him partially paralyzed and unable to speak clearly.  He claims that Menard officials denied him access to all rehabilitative treatment, in the form of physical and speech therapy, and reasonable accommodations, including a walker and a low gallery/low bunk permit.  Plaintiff now sues S. A. Godinez (Illinois Department of Corrections' ("IDOC") director) and three Menard officials, including Dr. Shearing (medical doctor), Dr. Trost (medical director), and Richard Harrington (warden), for violations of the Eighth Amendment, Fourteenth Amendment, and ADA.  Plaintiff seeks rehabilitative therapy and reasonable accommodations for his disability.[1]  Alternatively, he seeks a medical transfer to another facility.

---

[1] This request is set forth in the body of the complaint.  In his "request for relief," Plaintiff specifically seeks "summary judgment" and declaratory relief (Doc. 1, p. 6).  Although Plaintiff can list declaratory

1

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d

---

judgment among the relief he seeks at this stage, his request for summary judgment must be raised in a separate motion at a later stage in litigation, according to the Court's scheduling order.

816, 821 (7th Cir. 2009). After reviewing the allegations in the complaint under this standard, the Court finds that the complaint survives threshold review.

**The Complaint**

According to the complaint, Plaintiff was diagnosed with a severe brain stem injury at Stateville Correctional Center ("Stateville") on August 10, 2012 (Doc. 1, p. 10). The injury resulted from a car accident and caused Plaintiff to suffer from "severe paralysis"[2] and "slurred speech."[3] The medical staff at Stateville recommended physical therapy, ordered Plaintiff a walker, and issued him a low gallery and low bunk permit. Plaintiff received physical therapy from October through December 2012.

Plaintiff transferred to Menard on January 16, 2013 (Doc. 1, p. 10). From that point forward, he received no physical therapy or speech therapy. He also received no walker and was forced to rely on other prisoners for assistance (Doc. 1, p. 12). The complaint does not indicate whether he received a low gallery or low bunk permit.

Defendant Shearing met with Plaintiff several times. He did not examine Plaintiff, but nevertheless concluded that Plaintiff would not benefit from additional treatment (Doc. 1, p. 10). Defendant Shearing denied Plaintiff's requests for physical therapy, speech therapy, and a walker. On June 24, 2014, Plaintiff requested a medical transfer to a facility that could meet his needs. His request was denied (Doc. 1, p. 11).

Defendant Trost also denied Plaintiff's requests for treatment and a walker (Doc. 1, p. 12). Plaintiff met with Defendant Trost on December 26, 2013. Despite the fact that Plaintiff could not walk without assistance from other inmates at the time, Defendant Trost

---

[2] The complaint alleges that Plaintiff suffers from limited use of his right arm and left leg.
[3] The injuries were allegedly so evident that the sentencing judge recommended that Plaintiff receive physical therapy and speech therapy (Doc. 1, p. 10).

concluded that Plaintiff would not benefit from physical therapy. Despite acknowledging that Plaintiff might benefit from speech therapy, Defendant Trost also denied Plaintiff's request for it.

Plaintiff filed grievances to address the denial of these requests. Menard's nursing supervisor, who is not named in this action, investigated the matter (Doc. 1, p. 11). Ultimately, she concluded that the decision to discontinue all treatment was supported by a statement in Plaintiff's medical records, indicating that Plaintiff "may benefit" from therapy (Doc. 1, p. 11). Defendants Harrington and Godinez concurred with the decision to discontinue all rehabilitative treatment (Doc. 1, pp. 5, 11-13).

Plaintiff now claims that his condition, particularly his speech, has deteriorated. He sues all four Defendants for depriving him of access to medical care under the Eighth Amendment, denying him equal protection of the laws under the Fourteenth Amendment, and violating the ADA (Doc. 1, p. 13). In addition, Plaintiff sues Defendants Godinez and Harrington for concurring with the decision of Defendants Shearing and Trost to deny all further treatment (Doc. 1, pp. 12-13).

**Discussion**

Based on the allegations in the complaint, the Court finds it convenient to divide this *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants violated Plaintiff's right to receive medical care under the Eighth Amendment when they denied his requests for physical therapy, speech therapy, and a walker;
>
> **Count 2:** Defendants violated Plaintiff's right to receive equal protection of the law under the Fourteenth Amendment by failing to provide him with physical therapy, speech therapy, and a walker;

4

> **Count 3:** Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by failing to provide Plaintiff with speech therapy, physical therapy, a walker, and a low gallery/low bunk permit;
>
> **Count 4** Defendants Godinez and Harrington violated Plaintiff's rights under the Fourteenth Amendment when they denied his grievances.

**Count 1**

The complaint states a colorable Eighth Amendment medical needs claim against Defendants Shearing and Trost, based on their denial of Plaintiff's request for physical therapy, speech therapy, and a walker (**Count 1**). The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, --- F.3d ---, 2014 WL 3511731 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Constitution when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). At this early stage, the complaint satisfies the minimum pleading requirements of an Eighth Amendment medical needs claim against Defendants Shearing and Trost, who denied Plaintiff a walker and treatment for his partial paralysis and slurred speech. Although the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendants Shearing and Trost at this time.

Subject to one exception, Count 1 shall be dismissed against Defendants Godinez and Harrington. According to the complaint, their involvement in this matter arises from their supervisory roles and their denial of Plaintiff's grievances.[4] Liability under § 1983 requires more.

---

[4] The claim arising from the denial of Plaintiff's grievances is designated as "Count 4" and is addressed in more detail below.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The complaint contains no allegation that either Defendant deprived Plaintiff of a direct request for medical care.

Instead, Defendants Godinez and Harrington appear to have been named in their individual and official capacities because of their supervisory roles. This is also not enough to state a claim against them. The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Under some circumstances, however, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Liability may arise, for example, when a supervisor creates a policy, custom, or practice that resulted in the constitutional deprivation. *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). The complaint contains no allegations to this effect. The complaint therefore fails to state a claim against Defendants Godinez and Harrington in their individual capacities.

Further, official capacity claims are limited in this context to requests for injunctive relief. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (noting that the Eleventh Amendment bars official capacity claims for monetary damages). In his request for

relief, Plaintiff does not specifically seek injunctive relief. He instead seeks summary judgment and declaratory judgment. However, his complaint suggests that Plaintiff is seeking rehabilitative therapy and a walker. The Court interprets this request as one for injunctive relief and will allow Plaintiff to proceed against Defendant Harrington, in his official capacity, based only on this request for relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring that any injunctive relief is carried out).

In summary, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Shearing and Trost. He shall also be allowed to proceed against Defendant Harrington, in his official capacity, based solely on the request for injunctive relief. However, Count 1 shall be dismissed against Defendant Harrington, in his individual capacity, and against Defendant Godinez.

**Count 2**

Plaintiff's Fourteenth Amendment equal protection claim (**Count 2**) shall be dismissed. The Equal Protection Clause protects individuals from governmental discrimination. *Swanson v. City of Chetek*, 2013 WL 3018926, at *2-4 (7th Cir. 2013). The typical equal protection case involves discrimination by race, national origin, or sex, but the Equal Protection Clause also prohibits the singling out of a person for different treatment for no rational reason. *Id.* To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson*, 2013 WL 3018926, at *2-4 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).

The complaint does not support an equal protection claim of any sort. Plaintiff does not claim to be a part of a protected class. There is also no allegation that Plaintiff was intentionally singled out for different treatment from others who are similarly situated to him. Finally, the complaint does not allege, or suggest, that there was no rational basis for the denial of treatment. To the contrary, the complaint includes allegations suggesting that treatment was denied because Defendants concluded that Plaintiff could not benefit from it. Under the circumstances, **Count 2** against Defendants Shearing, Trost, Godinez, and Harrington shall be dismissed with prejudice.

**Count 3**

The complaint states a viable claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Although the complaint does not mention the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794-94e, the Court finds that an RA claim has also been stated.[5] Plaintiff shall be allowed to proceed with both the ADA and RA claims (**Count 3**).

The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both statutes includes the failure to accommodate a disability. In this particular suit, the analysis under the ADA and RA is the same, except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 672

---

[5] The fact that the complaint does not mention the RA is of no consequence at this stage. Courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted).

(7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). The complaint satisfies the pleading requirements for an ADA and RA claim, and Plaintiff shall be allowed to proceed with both.

However, the ADA and RA claims cannot proceed against the individual defendants named in connection with the claim. Individual employees of the IDOC cannot be sued under the ADA or RA. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has named Defendant Godinez, the Director of the IDOC, as one of the defendants in this action. Plaintiff shall be allowed to proceed with **Count 3** against Defendant Godinez, in his official capacity. This claim shall be dismissed against Defendant Godinez, in his individual capacity, and against all other Defendants, in their individual and official capacities.

**Count 4**

The complaint states no Fourteenth Amendment claim against Defendants Godinez or Harrington for denying Plaintiff's grievances (**Count 4**). This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Furthermore, a cause of action does not arise where a plaintiff files a grievance, and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). This is the crux of Plaintiff's claim against Defendants Godinez and Harrington. **Count 4** shall be dismissed against Defendants

Godinez and Harrington with prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge Philip M. Frazier for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 2** and **4** are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. Defendants **GODINEZ** and **HARRINGTON**, in their individual capacities, are **DISMISSED** with prejudice from this action.

With respect to **COUNTS 1** and **3**, the Clerk of Court shall prepare for **DEFENDANTS SHEARING, TROST, GODINEZ (who remains in this action in his official capacity only),** and **HARRINGTON (who also remains in this action in his official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 15, 2014**

*s/J. Phil Gilbert*
United States District Judge