**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DION SPEARS, R21624, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.  **3:14-cv-00811-JPG-PMF** |
| | ) | |
| DR. SHEARING, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is the Motion for Summary Judgment filed by Defendant Dr. Trost (Doc. 31).[1] Defendant Dr. Trost argues that the Plaintiff failed to exhaust available administrative remedies prior to filing suit. Plaintiff did not file a response in opposition. Plaintiff filed this lawsuit on July 16, 2014 against various Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc., employees. Plaintiff proceeds on the following claims:

> **Count 1:** Defendants Shearing and Trost violated Plaintiff's right to receive medical care under the Eighth Amendment when they denied his requests for physical therapy, speech therapy, and a walker;

> **Count 2:** Defendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e, by failing to provide Plaintiff with speech therapy, physical therapy, a walker, and a low gallery/low bunk permit.

Warden Rick Harrington is also included as a Defendant in his official capacity in Count 1. Count 2 is against Salvadore Godinez only in his official capacity. For the following reasons, it is recommended that Dr. Trost's motion for summary judgment be GRANTED.

---

[1] The parties' pleadings did not present any genuine disputes of material fact and so the Court declined to hold a *Pavey* evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Plaintiff Dion Spears is an inmate at Menard Correctional Center ("Menard") and the events that give rise to this litigation occurred at that facility. Prior to his incarceration, Spears was injured in a car accident and he now suffers from paralysis and slurred speech. On July 31, 2012 Spears entered the custody of IDOC at Stateville Correctional Center. Spears was then transferred to Menard on January 16, 2013. On July 28, 2013 Spears filed a grievance concerning his medical care at Menard. (Doc. 1, p. 24-25). Dr. Trost then became the Medical Director at Menard on November 25, 2013, several months after Spears filed his grievance. (Affidavit of Dr. Trost, Doc. 32, p. 104). The grievance was denied and Spears properly appealed the grievance to the IDOC Administrative Review Board ("ARB") in Springfield. The ARB issued a denial of the appeal on April 10, 2014. (Doc. 1, p. 28). Spears also filed another grievance concerning his medical care at Menard on June 3, 2014. (Doc. 32, p. 50-51) Spears then filed this lawsuit on July 16, 2014. Spears properly appealed the second grievance to the ARB and the ARB issued a denial on October 14, 2014. (Doc. 32, p. 49).

Defendant Dr. Trost now seeks summary judgment on the basis that the Plaintiff failed to exhaust administrative remedies prior to filing suit. Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

Inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has taken a strict

compliance approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Inmates must follow all grievance rules established by the correctional authority. *Id*.

For non-emergency grievances, the Illinois Department of Corrections ("IDOC") has a three-step process that prisoners are required to follow in order to exhaust administrative remedies. At step one, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the prison Grievance Officer within sixty (60) days of discovery of the dispute. *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Warden (also known as the Chief Administrative Officer or "CAO"). *See* 20 Ill.Admin.Code § 504.830. The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. 20 Ill.Admin.Code § 504.850. The Director of IDOC and the ARB are required to make a "final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." *Id*. Administrative remedies may usually be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

The process for emergency grievances is slightly different. Emergency grievances are forwarded directly to the Warden, and "if the [Warden] determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis." 20 Ill. Admin. Code § 504.840. If the CAO makes a determination that the grievance is not of an emergency nature the Plaintiff may appeal the CAO's decision directly to the ARB. 20 Ill. Admin. Code. § 504.840, *Thornton v. Snyder*, 428

F.3d 690, 694 (7th Cir.2005). The Plaintiff is not required to resubmit an emergency grievance through the normal non-emergency process. *See Thornton*, 428 F.3d at 694; *Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("In *Thornton* … we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary.").

Here, Spears failed to exhaust administrative remedies as to Defendant Dr. Trost prior to filing suit. Spears has only exhausted two grievances concerning his medical care at Menard. Of those two grievances, only one was exhausted prior to filing this lawsuit– the grievance dated July 28, 2013. However, Defendant Dr. Trost did not start working at Menard Correctional Center until November 25, 2013. Thus, the July 28, 2013 grievance cannot be said to "grieve" Dr. Trost's conduct because Dr. Trost was not yet working at Menard. The Prison Litigation Reform Act clearly states that if a prisoner intends to file a 42 U.S.C. § 1983 action with respect to prison conditions, the prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e. The exhaustion requirement affords "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Dr. Trost was not given that opportunity and his motion for summary judgment should be granted.

## **RECOMMENDATIONS**

It is RECOMMENDED that Dr. Trost's Motion for Summary Judgment (Doc. 32) be granted.

**SO RECOMMENDED.**

**DATED:  April 30, 2015  .**

> *s/ Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**

4